This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                  **No. 32,871**

**JOSE AGUILAR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Becca Salwin, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

**{1}** Defendant, Jose Aguilar, appeals from his convictions for battery upon a police officer, aggravated battery upon a peace officer, and resisting, evading, or obstructing an officer. **[DS 3, RP 80, 84]** We issued a notice proposing to affirm in part and reverse in part. Defendant filed a memorandum in partial opposition and partial support. The State filed a response stating it does not oppose our proposed summary reversal. We remain unpersuaded by Defendant's arguments and affirm Defendant's convictions for aggravated battery upon a peace officer and resisting, evading, or obstructing an officer. We reverse Defendant's conviction for battery upon a police officer and remand for the limited purpose of vacating that conviction.

**DISCUSSION**

**{2}** Defendant continues to argue that the district court erred in allowing the State to recall Officer Pool to rebut Defendant's claim of self defense because Officer Pool merely repeated his direct testimony, which is not proper rebuttal evidence. **[MIO 3-5]** We perceive no abuse of discretion in the district court's ruling. *See State v. Stanley*, 2001-NMSC-037, ¶ 39, 131 N.M. 368, 37 P.3d 85 ("The admission of rebuttal testimony is within the discretion of the trial court and will not be disturbed absent an abuse of discretion.").

**{3}** Defendant cites *State v. Simonson*, 1983-NMSC-075, ¶ 29, 100 N.M. 297, 669 P.2d 1092, for the proposition that "[g]enuine rebuttal evidence consists of evidence

2

on new matters asserted in the defense's case." **[MIO 4]** In *Simonson*, our Supreme Court held that the district court did not abuse its decision in allowing the State to rebut evidence that tended to contradict the defendant's claim of insanity after the defendant presented evidence that he was not sane at the time of the incident. *Id.* ¶ 32. The *Simonson* Court recognized that "[a]scertaining whether . . . rebuttal evidence is in response to new matters established by the defense . . . is a difficult matter at times. Frequently true rebuttal evidence, in some degree, will overlap and coincide with the evidence in the State's case-in-chief." *Id.* ¶ 29.

**{4}** As in *Simonson*, we conclude that the district court did not abuse its discretion in allowing the State to rebut Defendant's claim of self-defense, even if some of Officer Pool's rebuttal testimony overlapped and coincided with his testimony on direct examination. The *Simonson* Court recognized that the defendant "had the opportunity to cross-examine [the State's rebuttal witness] or offer contradictory testimony on surrebuttal." *Id.* ¶ 32. As we stated in our notice, it appears Defendant would have been afforded that same opportunity here. *See* Rule 5-607(H), (I) NMRA (listing, in the order of trial, "the state may submit evidence in rebuttal" and "the defense may submit evidence in surrebuttal"). We conclude that the admission of the State's rebuttal evidence did not offend due process or deny Defendant a fair trial.

**{5}** In our notice, we proposed to conclude that the district court erred in merging Defendant's two battery convictions to remedy a double jeopardy violation, because a double jeopardy violation can only be remedied by vacating one of the offending convictions. *See State v. Schoonmaker*, 2008-NMSC-010, ¶ 50, 143 N.M. 373, 176 P.3d 1105 (holding that, to remedy the imposition of impermissible multiple punishments for a single offense, "the district court was required not only to 'merge' [the defendant's] convictions on alternative counts . . . but to vacate one of those alternative convictions; simply sentencing [the defendant] for only one conviction was not enough"). The State does not oppose our proposed conclusion and we thus reverse and remand for the limited purpose of vacating Defendant's conviction for battery upon a peace officer, which is the offense that carries the lesser sentence. *See State v. Swick*, 2012-NMSC-018, ¶ 31, 279 P.3d 747 (holding the remedy for this type of double jeopardy violation is to vacate the conviction that carries the lesser sentence).

**CONCLUSION**

**{6}** For the reasons discussed above and in our notice, we reverse Defendant's conviction for battery upon a peace officer and remand for the limited purpose of vacating that conviction. We affirm Defendant's convictions for aggravated battery upon a peace officer and resisting, evading, or obstructing an officer.

4

{7}    **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**MICHAEL E. VIGIL, Judge**